{¶ 27} Although I concur with the majority opinion in this matter, I believe it is appropriate to embellish the opinion with respect to a portion of the substance of appellant's argument regarding the issue of proper statutory notification and reasonable efforts of notification to persons entitled to possession of the property in question.
 {¶ 28} Regarding appellant's flavored procedural due process arguments in this context, the record clearly indicates that as a result of appellant's November 1, 2004 motion for expedited release of seized property, on December 16, 2004, the trial court set the matter for a hearing on January 5, 2005, and ordered the parties to prepare stipulations and briefs involving the issues raised in appellant's motion. Apparently, neither party complied with those directives. At the January 5, 2005 hearing, the parties outlined their positions: appellant argued the city's failure to comply with R.C. 2933.43 regarding forfeiture of funds; and the city contended the matter involved unclaimed funds pursuant to R.C. 2933.41. The city further argued that it complied with statutory requirements dealing with unclaimed funds. It should also be noted that the trial court granted Mr. Maldonado's motion to intervene on December 14, 2005.
 {¶ 29} The trial court addressed the parties' arguments in its judgment entry of March 24, 2005, in which it held that R.C.2933.41 was the appropriate statute to apply to the funds in question, and that the city had complied with the notice requirements in a satisfactory manner pursuant to that statute regarding the $42,200 in question. However, it indicated those requirements fell short with respect to reasonable efforts to locate persons entitled to possessing property in its custody as it relates to the $5,000 claimed by Mr. Maldonado. Thus, he "was given thirty days to provide proof of ownership regarding that particular sum."
 {¶ 30} Hence, it is clear that the trial court provided appellant an adequate opportunity to challenge its ruling of October 20, 2004, which dealt with adequate statutory notice and reasonable efforts to seek the release of the $42,200 in his favor. Consequently, due process concerns in this regard were adequately satisfied.
 {¶ 31} Although not expressly before us, it would appear that appellant should be given the same opportunity with which Mr. Maldonado was accorded with respect to his claim to the $7,960 taken from his person.
 {¶ 32} For the additional foregoing reasons, I concur with the majority.